Daniel, Judge.
 

 The writ was in debt, issued on the 29th of April, 1839, returnable to Burke Superior Court. Plea
 
 in
 
 abatement, that, on the day of issuing the writ, neither the plaintiff nor the defendant Xvas a resident of the cou nty of Burke. On the trial of the issue, a brother of the plaintiff’s Wife deposed, that when the plaintiff
 
 first
 
 went to Yancy from Burke (as stated in the case) it was not regarded in his father-in law’s family (whore the plaintiff then resided) as anabandoment of the plaintiff’s then place of residence. We are asked, whether this evidence is admissible? The defendant had not proved any declaration made by the plaintiff of his then abandoning his domicile in Burke, but he had offered in evidence certain facts, from which he wished the jury to presume an abandonment by the plaintiff of his domicile in Burke- at the date of the writ. To repel an'inference of that kind from the facts proved by the defendant, the evidence objected to was offered by the plaintiff to shew how the family, in which he was then living, regarded this movement of his. How the witness derived his knowledge of the impression of the family, is not stated. He may have so un
 
 *307
 
 derstood it from’the conversation which passed between the plaintiif and the members of the family, at the • time of his setting off for Yancy, or'from the conduct of the plaintiff and family, or from the plaintiff’s leaving necessary articles of property, &c. It does not appear that the witness came to this knowledge by the
 
 ex parte
 
 hearsay of any of the members of the family. We are of opinion that what the witness deposed to was a fact pertinent and proper to go to the jury, to repel the presumption attempted to be raised by the evidence given in by the defendant. The judgment must be affirmed.
 

 Per Curiam. Judgment below affirmed.